# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0548V
**Filed: August 29, 2018**
UNPUBLISHED

|  |  |
|---|---|
| BALA MUCCALA,<br><br>                   Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                   Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Andrew Donald Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.*
*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On April 18, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on September 11, 2015. Petition at 1-2. On July 27, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 40).

      On August 2, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 44). Petitioner requests attorneys' fees in the amount of $17,712.00 and attorneys' costs in the amount of $1,115.90. *Id.* at 1. In accordance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $18,827.90.

On August 15, 2018, respondent filed a response to petitioner's motion. (ECF No. 45). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

By email communication on August 16, 2018, petitioner's counsel confirmed petitioner did not intend to file a reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees and costs to be awarded appropriate for the reasons listed below.

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 2.20 hours[3] was billed by the paralegal on tasks considered administrative, consisting of reviewing invoices and processing payments. For these reasons the undersigned will reduce the attorney's fees requested in the amount of $297.00.[4]

The undersigned has reviewed the request for attorney costs incurred by Mr. Downing in the case, such as expenses for photocopying, record duplication, and postage, and finds a majority of such expenses to be reasonable. However, the undersigned will reduces several requested expenses as administrative expenses, such as costs associated with "incoming faxes." (ECF No.at 44-1 at 31). In the undersigned's view, these claimed costs by Mr. Downing are better categorized as

---

[3] Examples of these entries include: January 19, 2017 (0.20 hrs) "Process payment for medical records to Craig H. Weinstein, MD-Sports & Orthopaedic Specialists", June 28, 2017 (0.20 hrs) "Process payment to Citrus Medical Clinic for medical records." and April 27, 2018 (0.20 hrs) Receive and review invoice for medical records to Foothill Sports Medicine." (ECF No 44-1 at 10, 14 and 18). These entries are merely examples and are not exhaustive.

[4] This amount consists of 2.2 hours at $135 per hour.

overheard expenses inherent in operating a law firm, and thus not compensable.  *See Bourche v. Sec'y of Health & Human Servs.*, No. 15-232V, 2017 WL 2480936, at *5 (Fed. Cl. May 11, 2017) (noting that the operation of a fax machine is part of a law firm's general overhead, and cautioning Mr. Downing to exercise billing judgment in the future). This results in a reduction amount of $171.50.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $18,359.40[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Andrew Donald Downing.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

                                                      **s/Nora Beth Dorsey**
                                                      Nora Beth Dorsey
                                                      Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.